UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRENT TAYLOR,

        Plaintiff,

        v.                              CAUSE NO. 3:21-CV-852-RLM-MGG

ROBERT CARTER, et al.,

        Defendants.

OPINION AND ORDER

Brent Taylor, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Taylor entered the custody of the Indiana Department of Correction wearing contact lenses. He was fitted for glasses soon after his arrival, but he still hadn't received them four months later when he filed this lawsuit. He alleges that without glasses or contacts he is "blind," so without glasses he must continue wearing old contact lenses. He says he has developed eye infections as a result.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The need for glasses can constitute a serous medical need under the Eighth Amendment, depending on the consequences of not having glasses. *Compare* Alexander v. Richter, 756 F. App'x 611, 614 (7th Cir. 2018) (noting the need for prescription glasses could be a serious need if an inmate needed them to avoid double vision and the loss of depth perception), *with* Conway v. Wexford Health Servs., No. 3:17-CV-110, 2020 WL 1433830, at *4-5 (S.D. Ill. Mar. 24, 2020) (collecting cases and concluding inmate did not have serious medical need for glasses because his prescription required only a mild correction and the lack of glasses, while inconvenient, did not significantly impair his daily living).

To state an Eighth Amendment claim, Mr. Taylor must identify a defendant who was personally involved in his medical care, Palmer v. Marion Cnty., 327 F.3d 588, 594 (7th Cir. 2003), and explain how that defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. at 834. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th

Cir. 2005). Instead of identifying the individual staff members who were personally involved in the process of obtaining glasses, Mr. Taylor blames the delay on an allegedly dysfunctional grievance process and sues the Commissioner of the Department of Correction, the Warden and Deputy Warden at Indiana State Prison, the Grievance Manager at ISP, the Grievance Specialist who received his grievance, and his Unit Team Manager for the alleged defects in the grievance process and for not responding to his letters and grievances.

Mr. Taylor can't proceed based on his complaints about the prison grievance system. "[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." Daniel v. Cook Cnty., 833 F.3d 728, 736 (7th Cir. 2016). "[T]he alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011). Mr. Taylor doesn't allege, and offers no plausible basis to infer, that the IDOC and ISP officials he sues caused the delay in receiving his glasses, or that they stood in the way of a responsible staff member resolving these issues. "The most one can say is that [they] did nothing, when [they] might have gone beyond the requirements of [their] job and tried to help him." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). This doesn't state a claim on which relief can be granted under 42 U.S.C. § 1983. *Id.*

Mr. Taylor also sues Centurion Health, the private company contracted to provide health care at the prison. Mr. Taylor appears to be suing suing Centurion

Health based on its employees' failure to get him glasses in a timely manner. Centurion Health can't be held liable just because it employed the medical professionals who were involved in Mr. Taylor's care. J.K.J. v. Polk Cnty., 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be held liable if its own policies caused the alleged constitutional violation. *See* Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." Howell v. Wexford Health Sources, Inc., 987 F.3d 647, 654 (7th Cir. 2021). Mr. Taylor offers no plausible basis to conclude that the delay in getting glasses extends beyond his individual case to suggest an official policy of Centurion Health can be blamed.

The Federal Rules of Civil Procedure require Mr. Taylor to present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also* United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) (federal pleading standards "require[] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). The court will not sift through the irrelevant allegations concerning the prison grievance system to search for whether a potentially viable claim exists. Instead, Mr. Taylor will be given the opportunity to file an amended complaint if he believes he can plausibly allege that

4

his need for glasses constitutes a serious medical need and that a state actor was deliberately indifferent to that need. *See* <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018) ("The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Brent Taylor until **May 2, 2022**, to file an amended complaint; and

(2) CAUTIONS Brent Taylor if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 28, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT